# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-30059
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JO ANNE CARTER,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-0149 (88-CR-50034))

---

( October 5, 1995)

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Jo Anne Carter appeals the trial court's rejection of her 28 U.S.C. § 2255 motion to correct or vacate her sentence. She claims in her motion that she was denied the right to appeal the revocation of her supervised probation and that her rights were violated during the revocation proceedings. For the reasons assigned we affirm.

Background

[*] Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

In 1988 Carter was convicted on a guilty plea of making false statements on a social security form and to concealment with intent to obtain fraudulently a social security payment. She was sentenced to six months imprisonment on one count; imposition of sentence was suspended on the other count and she was placed on supervised probation for five years. As part of the conditions of probation she was to make "full restitution to the Social Security Administration in the amount of $4677 within the first fifty (50) months of probation."

Supervised probation was revoked on November 19, 1992 because Carter failed to make restitution, committed forgery in issuing checks on the account of another and in cashing Social Security checks of others, lied to her probation officer on material matters, and failed to maintain regular employment. She was sentenced to prison for five years. On February 8, 1993 Carter filed a *pro se* letter asking permission to appeal the revocation. The request was rejected as untimely.[1]

The instant section 2255 motion followed. The district court denied relief and Carter timely appealed contending that her constitutional rights were violated because: (1) the court did not consider all grounds alleged by her; (2) she was wrongfully denied an appeal of the revocation; (3) the government failed to disclose mitigating evidence; (4) she was discriminated against by an employee of a credit union who testified against her in the revocation proceeding; and (5) the trial judge engaged in unspecified misconduct.

## Analysis

The first assertion, that the trial judge did not consider each claim alleged, is not supported by the record. The court addressed each issue advanced.

---

[1] A notice of appeal from a revocation of supervised release must be filed within ten days as provided by Fed.R.App.P. 4(b). **United States v. Clark**, 51 F.3d 42 (5th Cir. 1995).

There was no inappropriate denial of Carter's right to appeal. In the district court she attributed the failure to timely appeal to ineffectiveness of counsel. That stated a viable claim.[2] On appeal, however, Carter makes no mention of counsel in relation to that claim and same is taken as abandoned.[3] Without that element, this claim lacks merit. We have before us only a failure to comply with the mandatory requisites of Rule 4(b) of the Federal Rules of Appellate Procedure.

Carter next contends that the government failed to disclose mitigating evidence. She now argues that the government failed to present evidence which would indicate that she was excused from paying restitution. This purported **Brady**[4] claim is without merit; no favorable evidence was withheld.

We find no issue worthy of discussion relative to the claim of discrimination by the employee who offered relevant and material evidence in the revocation proceeding or with respect to the general conclusionary allegation that the district court was guilty of misconduct. The record is totally devoid of any indication of such and that allegation is rejected outright.

AFFIRMED.

---

[2]      When the time for filing a notice of appeal under Fed.R.App.P. 4(b) expires due to the ineffective assistance of defense counsel, section 2255 is the mechanism to reset the clock for late appeals. See **Mack v. Smith**, 659 F.2d 23 (5th Cir. 1981).

[3]      **Yohey v. Collins**, 985 F.2d 222 (5th Cir. 1993).

[4]      **Brady v. Maryland**, 373 U.S. 83 (1963).